AO 241 (Rev. 09/17)

**FILED**

**JUN 04 2021**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern | |
|---|---|---|
| Name (under which you were convicted): Shelia A. McFarland | | Docket or Case No.: CR-16-604052-B |
| Place of Confinement : Ohio Reformatory for Women | | Prisoner No.: W098675 |
| Petitioner (include the name under which you were convicted) Shelia A. McFarland | v. | Respondent (authorized person having custody of petitioner) Teri Baldauf |
| The Attorney General of the State of: Ohio | 1:21 CV 1141 | |

PETITION          **JUDGE CALABRESE**

**MAG JUDGE CLAY**

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Cuyahoga County Court of Common Pleas
1200 Ontario St.
Cleveland, OH 44113-1664

(b) Criminal docket or case number (if you know): CR-16-604052-B

2.   (a) Date of the judgment of conviction (if you know): February 10th, 2017

(b) Date of sentencing: February 22nd, 2017

3.   Length of sentence: Life Without Parole

4.   In this case, were you convicted on more than one count or of more than one crime? ☒ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Aggravated Murder, Conspiracy, Murder, Felonious Assault, Felonious Assault, Aggravated Burglary, Aggravated Burglary, Kidnapping, Gun Specification, Aggravated Murder

6.   (a) What was your plea? (Check one)

☒ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

    ☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: *8th District Court of Appeals*

(b) Docket or case number (if you know): *105570*

(c) Result: *Convictions Affirmed, Remanded for Resentencing*

(d) Date of result (if you know): *May 24th, 2018*

(e) Citation to the case (if you know): *State v. McFarland, 2018-Ohio-2067*

(f) Grounds raised: *1.) The trial Court committed prejudicial error and denied Ms. McFarland her right to a fair trial, to present a defense, to confront witnesses against her, and to Due Process of Law when it improperly refused to allow Dwayne Jackson to answer a question about whether his testimony was directed by the prosecution and then, sua sponte, disparaged defense counsel and implicitly indicated to the jury not only that the question was improper, but*

(g) Did you seek further review by a higher state court?   ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: *Ohio Supreme Court*

(2) Docket or case number (if you know): *2018-1116*

(3) Result: *Judgment Affirmed.*

9.) (F)  that unlike defense counsel, the prosecutor's behavior was above reproach. 2.) The evidence was insufficient to support the guilty verdicts. 3.) The guilty verdicts were not supported by the manifest weight of the evidence. 4.) The trial Court committed error when it convicted Ms. McFarland of Aggravated Murder, Conspiracy, Aggravated Burglary, and Kidnapping when they are all allied offenses of similar import. 5.) The trial court imposed a sentence of life without the possibility of parole, not because it was the appropriate sentence for Ms. McFarland's crimes but to punish her for her obstreperous behavior at the sentencing hearing. 6.) The trial court committed error when it did not instruct the Jury that the testimony of Ryan Motley and Dwayne Jackson was "subject to grave suspicion" and should be "weighed with great caution," O.R.C. 2923.03 (D). 7.) Ms. McFarland received Constitutionally ineffective assistance of counsel when her attorneys neither asked the Court to give the jury the accomplice testimony instruction required by O.R.C. 2923.03 (D) nor objected to the Court's failure to give that instruction.

AO 241 (Rev. 09/17)

(4) Date of result (if you know): June 18th, 2020

(5) Citation to the case (if you know): State v. McFarland, 2020-Ohio-3343

(6) Grounds raised: 1.) A criminal defendant's constitutional rights are violated when she is found guilty based on insufficient evidence. 2.) When imposing sentence, a trial court must focus on the appropriate

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Cuyahoga County Court of Common Pleas

(2) Docket or case number (if you know): CR-16-604052-B

(3) Date of filing (if you know): March 10th, 2017

(4) Nature of the proceeding: Post-Conviction

(5) Grounds raised: Petitioner suffers infirm to her inalienable constitutional protections against Double Jeopardy and Cruel + Unusual punishment pursuant to cumulative sentences for crimes of similar import.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  ☐ Yes  ☒ No

(7) Result: Denied.

9.) (G) (6) — Sentence for the crimes and may not impose a maximum sentence even in part because the defendant did not testify at trial or for her annoying behavior at the sentencing hearing.

AO 241 (Rev. 09/17)

(8) Date of result (if you know):  March 20th, 2017

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:  Ohio Supreme Court

(2) Docket or case number (if you know):  2018-1116

(3) Date of filing (if you know):  June 29th, 2020

(4) Nature of the proceeding:  Reconsideration

(5) Grounds raised:  1.) A criminal defendant's constitutional rights are violated when she is found guilty based on insufficient evidence.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result:  *Motion Denied*

(8) Date of result (if you know):  *August 18th, 2020*

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☐ Yes  ☒ No

(2) Second petition:  ☐ Yes  ☐ No

(3) Third petition:  ☒ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*I did not know how to appeal my Post-Conviction and I could not obtain counsel.*

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: *Ms. McFarland's 6th Amendment right to a fair trial, right to present a defense, to confront witnesses against her,*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The trial court Judge prevented defense Counsel's inquiry into testimony given by Dwayne Jackson, violating the confrontation clause. This also gave false credibility to said testimony. Particularly, the fact that the Prosecutor Suborned perjury, when he encouraged Mr. Jackson to state that no deal was made in exchange for his testimony, Per Dwayne*

(b) If you did not exhaust your state remedies on Ground One, explain why:  *N/A*

<u>Ground One</u>: and her 14th Amendment right to due process of law were violated; when it improperly refused to allow Dwayne Jackson to answer a question about whether his testimony was directed by the prosecution and then, sua sponte, disparaged defense counsel and implicitly indicated to the jury not only that the question was improper, but that unlike defense counsel, the prosecutor's behavior was above reproach.

A.) Jackson's Motion for Judicial Release, filed on April 14th, 2017, "Specifically, Mr. Jackson assisted the state of Ohio in obtaining guilty verdicts in a murder for hire case by testifying truthfully against the defendants. See <u>State v. Brownlee</u> CR-16-604052-A, and <u>State v. Shelia McFarland</u> CR-16-604052-B." If Mr. Jackson did not get a deal for his testimony, and did not expect to benefit in any way; he would not be touting said testimony in order to obtain his Judicial Release. (Exhibit 1).

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:     *N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     *N/A*

Name and location of the court where the motion or petition was filed:     *N/A*

Docket or case number (if you know):     *N/A*

Date of the court's decision:     *N/A*

Result (attach a copy of the court's opinion or order, if available):     *N/A*

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     *N/A*

Docket or case number (if you know):     *N/A*

Date of the court's decision:     *N/A*

Result (attach a copy of the court's opinion or order, if available):     *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:     *N/A*

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *None*

**GROUND TWO:** The evidence was insufficient to support the guilty verdicts, in violation of Ms. McFarland's 5 + 14th Amendment right to

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Due Process.

Ms. McFarland was not present when the crime occurred. She did not know what was going to happen. She did not ask, request, encourage, or insite the crime. She did not participate in the conspiracy. The record is devoid of any evidence showing she said or did anything to further Brownlee's plan of retaliation against the victim, or to further Motley's carrying out the plan to retaliate against the victim. (Exhibit 2).

(b) If you did not exhaust your state remedies on Ground Two, explain why: *N/A*

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *N/A*

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Page 8 of 16

AO 241 (Rev. 09/17)

Date of the court's decision: _N/A_____

Result (attach a copy of the court's opinion or order, if available): _N/A_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_____

Docket or case number (if you know): _N/A_____

Date of the court's decision: _N/A_____

Result (attach a copy of the court's opinion or order, if available): _N/A_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _None_____

**GROUND THREE:** The trial court committed error when it convicted, and sentenced Ms. McFarland on charges of Aggravated Murder,

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ms. McFarland was sentenced on all of these charges and convicted. She should have been convicted, and sentenced on only one of these charges; as they arose from the same animus and were of the same import.

<u>Ground 3 (continued)</u> — conspiracy, aggravated burglary, and kidnapping when they are all allied offenses of similar import. This was a violation of Ms. McFarland's 5 & 14th U.S. Constitutional Amendment right to Due Process, and Equal Protection of the law.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *N/A*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *N/A*

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:  *None*

**GROUND FOUR:** The trial court imposed a sentence of life without the possibility of parole, not because it was the

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(See Exhibit 3) Judge Gaul gave Ms. McFarland a vindictive sentence, because of her unwillingness to testify against Mr. Brownlee + plead guilty. This shows disparate treatment, and was inconsistent with her criminal culpability in this case. By exercising her right to a trial, Ms. McFarland turned down a plea, which could have resulted in a 3-year prison sentence.

(b) If you did not exhaust your state remedies on Ground Four, explain why:  *N/A*

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  *N/A*

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  *N/A*

<u>Ground 4 (continued)</u> — appropriate sentence for Ms. McFarland's crimes; but to punish her for her behavior at the sentencing hearing. This violated her 8th Amendment right of no cruel and unusual punishment; due to the fact that she had refused to testify against her Co-Defendant, Mr. Brownlee. This also violated her 5th, 6th, and 14th Amendment right to a fair trial, Due Process, and Equal Protection (Those who committed the actual crimes, were given significantly less sentences).

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *None.*

<u>Ground 5</u> - The trial court committed error when it did not instruct the Jury that the testimony of Ryan Motley, and Dwayne Jackson was "subject to grave suspicion" and should be "weighed with great caution." This was an unreasonable application (or rather lack thereof) of Ohio State law, <u>O.R.C. 2923.03 (D)</u>. This was a violation of Ms. McFarland's 5th, 6th, and 14th Amendment rights to Due Process, a fair trial, and Equal Protection.

A.) The trial court erred, by failing to give instructions to the jury, regarding the above Witnesses testimony, and the fact that it was subject to suspicion.

B.) Ineffective assistance of Supreme Court Counsel.

C.1.) Yes
C.2.) N/A
D.1.) No
D.2.) N/A
D.3.) N/A
D.4.) N/A
D.5.) N/A
D.6.) N/A
D.7.) N/A

E.) None

<u>Ground 6</u> — Ms. McFarland received constitutionally ineffective assistance of counsel, when her attorneys neither asked the Court to give the jury the accomplice testimony instruction required by <u>O.R.C. 2923.03 (D)</u>, nor objected to the court's failure to give that instruction, in violation of Ms. McFarland's 5th, 6th, and 14th Amendment rights to a fair trial, due process, and Equal Protection. This was unreasonable application of Ohio State law, as it was never applied at all.

A.) Trial counsel failed to request that the Court give special instructions to the Jury regarding accomplice testimony.

B.) Ineffective assistance of Supreme Court Counsel

C.1.) Yes

C.2.) N/A

D.1.) No

D.2.) N/A

D.3.) N/A

D.4.) N/A

D.5.) N/A

D.6.) N/A

D.7.) N/A

E.) None

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?         Yes        ☒ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:    Ineffective assistance of Supreme Court counsel.

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:    None.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?        ☐ Yes    ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.    N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?        ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.    N/A

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: Thomas Shaughnessy 11510 Buckeye Rd. Cleveland, OH 44104 / Donald Butler 1220 W. 6th St. Suite 203 Cleveland, OH 44113

(b) At arraignment and plea: Thomas Shaughnessy 11510 Buckeye Rd, Cleveland, OH 44104 / Donald Butler 1220 W. 6th St. Suite 203 Cleveland, OH 44113,

(c) At trial: Thomas Shaughnessy / Donald Butler

(d) At sentencing: Thomas Shaugnessy / Donald Butler

(e) On appeal: Jeffrey Gamso / Paul Kuzmins 310 W. Lakeside Ave, Cleveland, OH 44113

(f) In any post-conviction proceeding: Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?  ☐ Yes  ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

Page 14 of 16

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *A Writ of Habeas Corpus, Acquital, or remand for a new trial.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

KARLA R KUHN
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
06-08-2025

*05-27-2021*

*Sheila McFarland*
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

AO 241 (Rev. 09/17)

N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.